[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16299
Non-Argument Calendar
_____

D.C. Docket No. 3:99-cr-00245-HLA-TEM-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DERRICK SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 7, 2014)

Before HULL, MARCUS, and JORDAN, Circuit Judges.

PER CURIAM:

Derrick Smith, a federal prisoner proceeding through counsel, appeals the

district court's order partially reducing his sentence pursuant to 18 U.S.C.

§ 3582(c)(2). At his original sentencing in 2000, the district court sentenced Mr. Smith to 360 months in prison after he pled guilty to conspiring to distribute powder and crack cocaine. Although the district court found that Mr. Smith qualified as a career offender, with a total offense level of 37 pursuant to U.S.S.G. § 4B1.1, it ultimately sentenced him under the drug-quantity guideline, U.S.S.G. § 2D1.1, which yielded a higher adjusted offense level of 40. Mr. Smith's counsel objected to the career-offender designation at sentencing, but Mr. Smith did not raise these objections on appeal. It is undisputed that if Mr. Smith were sentenced today, he would not qualify as a career offender.

In the § 3582(c)(2) proceedings at issue on appeal, the district court reduced Mr. Smith's sentence by 30 months due to the retroactive application of Amendment 750 to the crack-cocaine guidelines.[1] In so doing, the court applied the career-offender guideline for the first time, as it resulted in a higher sentencing range than the amended drug-quantity guideline. On appeal, Mr. Smith argues that the district court erred in applying the career-offender guideline and refusing to reduce his sentence to the low end of the amended drug-quantity range.

We review *de novo* the district court's legal conclusions about the scope of its authority under § 3582(c)(2). *United States v. Lawson*, 686 F.3d 1317, 1319

---

[1] The district court had previously reduced Mr. Smith's sentence by 68 months due to the retroactive application of Amendment 706 to the crack-cocaine guidelines.

(11th Cir. 2012).  Following a review of the record and the parties' briefs, we affirm.

Mr. Smith argues that the district court erred in limiting the reduction of his sentence to the low end of the career-offender guideline range because (1) it is now undisputed that he does not qualify as a career offender; (2) the parties entered a written plea agreement stipulating to a base offense level under the drug-quantity guideline, U.S.S.G. § 2D1.1; and (3) the court originally sentenced him pursuant to his drug-quantity guideline range.  We address each of these arguments in turn and find each unavailing.

Even if the parties agree that Mr. Smith's career-offender designation is now erroneous, § 3582(c)(2) did not authorize the district court to revisit or correct that designation.[2]  Under § 3582(c)(2), a district court may reduce a defendant's sentence where the guideline range for that sentence is subsequently lowered by the Sentencing Commission.  In so doing, however, the district court must "substitute only the [retroactive] amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all

---

[2] Mr. Smith does not dispute that the district court made a finding as to his career-offender status during his original sentencing hearing.  In his brief on appeal, he states in passing that "any statements the district court made at sentencing concerning [his] career offender designation w[ere] essentially *dicta* because the district court noted that any argument or issue concerning a career offender designation 'was neither here nor there.'"  Appellant's Br. at 14.  He, however, fails to further develop this argument.  In any event, during the § 3582(c)(2) proceedings below, counsel for Mr. Smith conceded that the Mr. Smith "was determined to be a career offender" at his original sentencing hearing.  D.E. 366 at 215.

other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). This policy statement, in essence, requires that "any mistakes committed at the initial sentencing are imposed anew." *Dillon v. United States*, 560 U.S. 817, ___, 130 S. Ct. 2683, 2694 (2010). Under *Dillon*, because Mr. Smith's career-offender designation was not affected by Amendment 750, it was "outside the scope of the proceeding authorized by § 3582(c)(2), and the District Court properly declined to address [it]." *Id.*[3]

According to Mr. Smith, the district court nonetheless erred in applying the career-offender guideline because his plea agreement stipulated that his base offense level would be calculated pursuant to U.S.S.G. § 2D1.1 and did not include "any provision or special clause by which Mr. Smith might have been found to qualify as a career offender." Appellant's Br. at 19. But, as Mr. Smith's plea agreement expressly provides, such sentencing stipulations and agreements were not binding on the district court. *See* D.E. 71 at 3 ("Pursuant to Fed. R. Crim. P. 11(e)(1)(B), the United States and the defendant stipulate and agree that the defendant's base offense level be calculated at level 38 pursuant to USSG §§2D1.1 and 1B1.3. The defendant understands that this stipulation or agreement is not binding on the Court, and if not accepted by the Court, the defendant will not be

---

[3] Mr. Smith's counsel conceded as much during the proceedings below. *See* D.E. 366 at 215 ("And I would agree, your Honor, that [§] 3582 would not be the type of proceeding where [the district court] would go back and undo [Mr. Smith's career-offender designation]. That would probably have to be through a habeas proceeding.").

4

allowed to withdraw from the plea."). *See also* Fed. R. Crim. P. 11(e)(1)(B) (1999) (providing that any sentencing recommendations in a plea agreement "shall not be binding upon the court"). Accordingly, the plea agreement's silence as to Mr. Smith's career-offender status did not preclude the district court from designating him as a career offender. And because the career-offender guideline yielded a higher offense level following the retroactive application of Amendment 750, the district court correctly determined Mr. Smith's amended sentence under § 4B1.1(b). *See* U.S.S.G. § 4B1.1(b) (directing courts to determine a career offender's offense level by using either the offense level that would ordinarily apply or the table in § 4B1.1(b), whichever results in a higher offense level).

Finally, binding circuit precedent bars Mr. Smith's argument that the district court should have applied the amended drug-quantity guideline range because his initial sentence was "based on" the drug-quantity guideline. In support of his argument, Mr. Smith cites the Supreme Court's decision in *Freeman v. United States*, 131 S. Ct. 2685, 2692-93 (2011) (plurality opinion), which held that "§ 3582(c)(2) modification proceedings should be available to permit the district court to revisit a prior sentence to whatever extent the sentencing range in question was a relevant part of the analytic framework the judge used to determine the sentence." But nothing in *Freeman* required the district court to disregard its prior finding that Mr. Smith qualified as a career offender under U.S.S.G. § 4B1.1. As

5

we held in *United States v. Moore*, "a reduction under § 3582(c)(2) is not authorized where [an amendment to the sentencing guidelines] is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range *because of the operation of another guideline*." 541 F.3d 1323, 1327-28 (11th Cir. 2008) (internal quotation marks omitted). Although Mr. Smith argues that *Moore* has been undermined to the point of abrogation by the Supreme Court's decision in *Freeman*, he concedes that we have already rejected this argument. *See Lawson*, 686 F.3d at 1321. Accordingly, *Moore* remains binding precedent in this circuit.

For the foregoing reasons, we affirm the district court's decision refusing to reduce Mr. Smith's sentence below the amended guideline range.

**AFFIRMED**.